95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
88843 ROSS LANE, SPRINGFIELD, OR, One Parcel of Real
Property, with buildings, attachments and
appurtenances, commonly known as 88843
Ross Lane, Springfield, Lane
County, Oregon, Defendant,
and
Jerry Donald STEWART, Claimant-Appellant,
Lane County, Intervenor.
 
 No. 95-36250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Donald Stewart appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for the return of real property located at 88843 Ross Lane, Springfield, Oregon. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Stewart contends that the Double Jeopardy Clause barred the civil forfeiture of the real property. This contention is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2134, 2149 (1996) (holding that civil forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause).[1]
 
 
 4
 Additionally, we reject Stewart's contention that the real property should be returned because he did not receive pre-seizure notice and an opportunity to be heard as required by United States v. James Daniel Good Real Property, 114 S.Ct. 492, 505 (1993). "[A] new rule of law applies retroactively to civil cases on direct review or those not yet final if it is applied to the parties in the case in which it is announced." United States v. Real Property Located at 20832 Big Rock Drive, Malibu, Cal., 51 F.3d 1402, 1406 (9th Cir.1995). Therefore, the rule announced in Good, a 1993 decision, does not apply to Stewart's civil forfeiture case which was final on February 5, 1990. See id.
 
 
 5
 Accordingly, the district court's denial is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For this reason, we do not consider whether the district court improperly reassigned Stewart's case to a different district judge or whether it incorrectly applied the rule of United States v. Cretacci, 62 F.3d 307 (9th Cir.1995), cert. denied, 116 S.Ct. 2528 (1996)